IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILTON AL STEWART,<br>ACTING SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>SWARTZ'S DELICATESSEN, LLC,<br>SWARTZ'S CATERING, LLC, and<br>SHERVIN ANSARI,<br><br>　　　　　　Defendants. | 8:21CV102<br><br>**CONSENT**<br>**JUDGMENT** |

On March 11, 2021, plaintiff Milton Al Stewart, Acting Secretary for the United States Department of Labor ("Secretary"), filed a Complaint (Filing No. 1) to enjoin defendants Swartz's Delicatessen, LLC, Swartz's Catering, LLC, and Shervin Ansari (collectively, "defendants") from violating the Fair Labor Standards Act of 1938, as amended ("Act"), 29 U.S.C. § 201 *et seq*. The Secretary now moves (Filing No. 3) for entry of judgment by consent; the defendants have agreed to the entry of this judgment without contest. For good cause shown, the Secretary's motion is granted and judgment by consent is entered as follows:

　　IT IS ORDERED:

　　1.　　The defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this judgment be, and each of them hereby is, permanently enjoined and restrained from violating the provisions of sections l5(a)(2), 15(a)(4), and l5(a)(5) of the Act, in any of the following manners:

　　　　A.　　The defendants shall not, contrary to sections 6 and 15(a)(2) of the Act, fail to pay to their employees employed in their enterprise engaged in commerce or in the production of goods for commerce,

    wages at rates not less than $7.25 an hour, or any rate subsequently made applicable by amendment to the Act.

  B. The defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, employ any of their employees in their enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employee for his or her employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which he or she is employed.

  C. The defendants shall not, contrary to sections 12(c) and 15(a)(4) of the Act, employ any oppressive child labor in commerce or in the production of goods for commerce within the meaning of the Act and the regulations promulgated pursuant thereto.

  D. The defendants shall not, contrary to sections 11(c) and 15(a)(5) of the Act, fail to make, keep, and preserve adequate and accurate records of their employees, and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to section 11(c) of the Act (29 C.F.R. § 516). The defendants shall make such records available at all reasonable times to representatives of the Secretary.

2. The defendants shall not request, solicit, suggest, or coerce, directly or indirectly, an employee to return or to offer to return to the defendants or to someone else for the defendants, any money, whether in the form of cash, check, or any other form, previously due or to become due in the future to said employee under the provisions of this judgment or the Act; nor shall the defendants accept, or receive from any employee, either directly or indirectly, any money, whether in the form of cash, check, or any other form, heretofore or hereafter paid to said employee under the provisions of this judgment or the Act; nor shall the defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has received or retained money due to him from the defendants under the provisions of this judgment or the Act; nor shall the defendants or any one acting on their behalf retaliate against any employee recovering back wages under this judgment by paying said employee at an hourly rate that is less than the regular hourly rate presently paid to such employee or that is presently set or established by the defendants for the job titles or duties such employee is performing or will be assigned to perform. The defendants will not raise an employee's immigration status as a defense to the payment of the back wages in any suit alleging such retaliation.

3.     The defendants are hereby restrained from continuing to withhold unpaid overtime compensation due to the employees named in the Appendix attached hereto ("Appendix") in the amounts set forth opposite their names.

4.     The Secretary shall recover from the defendants the sum of $12,000.00 in unpaid minimum-wages compensation, overtime compensation, a child-labor violation, and unpaid tips for the employees listed in the Appendix. The Secretary will distribute such sums received to the individuals named in the Appendix. The defendants remain responsible for the employer's share of the Federal Insurance Contributions Act tax arising from or related to the back wages distributed by the Secretary. Any sums not distributed within a period of three years from the date of this judgment because of inability to locate the proper persons or because of such person's refusal to accept the sum(s) sought to be distributed shall be deposited into the Treasury of the United States. Upon receipt of full payment from the defendants, the Secretary's counsel shall file with the Court a certificate of payment.

5.     Each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding.

6.     This Court shall retain jurisdiction over this action and the parties hereto as may be necessary to enforce the provisions of the judgment.

Dated this 5th day of April 2021.

                                        BY THE COURT:

                                        *Robert F. Rossiter, Jr.* (signature)
                                        Robert F. Rossiter, Jr.
                                        United States District Judge

**Appendix to Consent Judgment**

| Employee Name | Back Wages | Liquidated Damages | Total |
|---|---|---|---|
| Alecia, Erika | $138.66 | $0 | $138.66 |
| Arellanes, Stacy | $7.15 | $0 | $7.15 |
| Belknap, Amy | $43.14 | $0 | $43.14 |
| Chambers, Mark | $357.56 | $0 | $357.56 |
| Chavez-Diaz, Liliana | $59.40 | $0 | $59.40 |
| Doering, Jan Marie | $1,471.58 | $0 | $1,471.58 |
| Elkins, Jean | $64.19 | $0 | $64.19 |
| Espejo, Alvaro | $104.49 | $0 | $104.49 |
| Espejo, Jesus | $3,886.74 | $0 | $3,886.74 |
| Harvey, Danielle | $16.09 | $0 | $16.09 |
| Hernandez, Kristina | $96.94 | $0 | $96.94 |
| Johnson, Amariana | $78.82 | $0 | $78.82 |
| Johnson, Ashley | $28.77 | $0 | $28.77 |
| Juarez Lopez, Diego | $168.22 | $0 | $168.22 |
| Kinney, Sierra | $691.52 | $0 | $691.52 |
| Lloyd, Mark | $66.75 | $0 | $66.75 |
| Lopez, Yaned | $128.33 | $0 | $128.33 |
| Malone, Jamal | $153.36 | $0 | $153.36 |
| Martinez, Miriam | $280.00 | $0 | $280.00 |
| McGhghy, Danika | $114.42 | $0 | $114.42 |
| McManis, Amanda | $260.21 | $0 | $260.21 |
| Pena, Castullo | $162.89 | $0 | $162.89 |
| Precoma, Jose | $319.30 | $0 | $319.30 |
| Ramos, Maximo | $678.12 | $0 | $678.12 |
| Squires, Doug | $685.90 | $0 | $685.90 |
| Stanislav, Lisa | $389.23 | $0 | $389.23 |
| Teron, Ashley | $56.17 | $0 | $56.17 |
| Tiedeman, Christopher | $290.03 | $0 | $290.03 |
| Vaquera, Esmeralda | $1,202.02 | $0 | $1,202.02 |